APPLICATION of Melvin JOHNSON for
Driver's License.
No. 36709.

Supreme Court of Oklahoma.
Sept. 27, 1955.

Yates & Braddock, Altus, for appellant.

Mac Q. Williamson, Atty. Gen., of Oklahoma, J. Walker Field, Asst. Atty. Gen., for respondent.

WILLIAMS, Vice Chief Justice.

This is an appeal from a judgment of the District Court of Jackson County in an appeal from a judgment of the County Court of Jackson County, wherein said county court denied the appeal of petitioner, Melvin Johnson, from an order of the Commissioner of Public Safety, denying the issuance of a driver's license to said petitioner. The district court affirmed the judgment of the county court and petitioner appeals to this court under the special appellate procedure authorized by 47 O.S. 1951 § 300.

The transcript of evidence reveals that in April of 1954, petitioner applied to the Department of Public Safety for a driver's license; that he was given an examination upon which he made a grade of 73, a grade of 70 being the minimum passing grade; and that petitioner's application for such driver's license was denied by the Commissioner of Public Safety upon the authority given by 47 O.S.1951 § 276, par. 7.

Petitioner contends that the Department of Public Safety exceeded its authority in refusing to issue to him a driver's license.

47 O.S.A. § 276, par. 7, relied upon by the Commissioner of Public Safety as his authority to refuse issuance of such license, provides that the commissioner shall not issue any such license to: "any person, who from physical deformity or who is afflicted with epilepsy or any mental disease or physical condition that would impair the driving ability of such a person or when the Commissioner of Public Safety, from information concerning such person or from the records and reports on file in the Department of Public Safety, determines that the operation of a motor vehicle by such person on the highways to be inimical to public safety or welfare."

It appears from the record that the Department of Public Safety relied upon the latter part of the above quoted section of the statute as it contends that it determined from the records and reports on file with it, that the operation of a motor vehicle by petitioner would be inimical to public safety or welfare. The information upon which the department relied in making such determination related to at least five convictions on the part of petitioner of driving a motor vehicle without a license or after having been denied a license and at least two convictions of reckless driving. It is apparently petitioner's contention that the department is not authorized to refuse to issue a license upon the basis of such information, records and reports, (that is, information, records and reports which pertain to convictions for reckless driving, driving without a license, and the like) but that the only information, records and reports upon which the commissioner is authorized to refuse such license are those which pertain to a physical deformity, epilepsy, mental disease or physical condition that would impair the driving ability of an applicant for a license. In other words, petitioner contends that by applying the rule of ejusdem generis to the statute it should be held to mean that the commissioner is not entitled to consider the driving record of an applicant for a license in determining whether such license should issue, regardless of how bad such driving record might be, but can only consider whether such applicant has any physical defects, epilepsy, mental disease or physical condition that would impair the driving ability of such applicant. We can not agree with such a strained interpretation of the above quoted statute, however.

The above quoted statute very plainly deals with two different situations under which the commissioner is authorized to refuse to issue a driver's license; the first being the situation where any applicant is suffering from a physical defect, epilepsy, mental disease or physical condition that would impair the driving ability of such person, and the second being the situation found here, wherein the commissioner determines from the records and reports on file in the Department of Public Safety that the operation of a motor vehicle by such applicant would be inimical to public safety or welfare.

Such obvious construction of such statute is corroborated by 47 O.S.1951 § 290 (b), which provides:

"The Commissioner shall also file all accident reports and abstracts of court records of convictions and arrest reports received by him under the laws of this State and in connection therewith maintain convenient records or make suitable notations *in order that an individual record of each licensee showing the conviction of such licensee and the traffic accidents in which he has been involved shall be readily available for the consideration of the Commissioner upon any application for license or renewal of license, or in con-*

nection with the issuance of orders of suspension, cancellation, revocation or denial. * * *"

It is made even more plain by the following provisions of 47 O.S.1951 § 300:

"Any person denied a license, * * shall have the right to file a petition in the county court wherein the petitioner resides, and such county court is hereby vested with original jurisdiction to hear said petition. * * * Upon said hearing said court shall take testimony and examine into the facts and circumstances of the offense of which said licensee was convicted or pled guilty, *also allow all of the records on file in the office of the Department of Public Safety relative to the driving record of said licensee to be introduced* and determine whether said fact, circumstances and records justified said conviction or judgment upon which said order was issued by the Commissioner." (Emphasis added.)

We conclude that 47 O.S.1951 § 276, par. 7, gives the Commissioner of Public Safety authority to refuse to issue a driver's license to an applicant when he has good cause to believe that the operation of a motor vehicle by such applicant would be inimical to public safety or welfare.

Petitioner also contends that if the Commissioner of Public Safety does have the authority to refuse to issue a driver's license under the above mentioned statute that he abused such authority in this case in that the records and reports in the Department of Public Safety do not justify the refusal to issue a license to petitioner. It might be noted in this regard that 47 O.S.1951 § 300, above quoted, provides that the records of the Department of Public Safety shall be introduced in evidence at the hearing before the county court. Counsel for the Department of Public Safety offered such records in evidence, but counsel for petitioner objected to such offer and the objection was sustained by the court. We therefore are in no position to say whether the records of the Department of Public Safety justified the refusal to issue petitioner a driver's license

or not. However a portion of the records of such department and other evidence were introduced and were sufficient to show at least five convictions of petitioner of driving without a license and two convictions of reckless driving. We think such evidence sufficient to show that the commissioner's refusal to issue petitioner a driver's license was not an arbitrary act or in bad faith. The judgment of the district court affirming that of the county court in turn affirming the action of the commissioner are not clearly against the weight of the evidence and will therefore not be disturbed on appeal.

Judgment affirmed.

WELCH, CORN, DAVISON, HALLEY and JACKSON, JJ., concur.

BLACKBIRD, J., dissents.